**Virgil POARCH, d/b/a Stormaster Tornado Shelter Company, Appellant,**

v.

**STORMASTER TORNADO SHELTER COMPANY, Appellee.**

No. 24532.

United States Court of Appeals Fifth Circuit.

Nov. 22, 1967.

Jerry J. Dunlap, James Harrod of Harrod & Stringer, Dunlap & Laney, Oklahoma City, Okl., for appellant.

Leslie L. Conner, James M. Little, Leslie L. Conner, Jr., Oklahoma City, Okl., Vernon O. Teofan, Dallas, Tex., for appellee.

Before BROWN, Chief Judge, and BELL and THORNBERRY, Circuit Judges.

PER CURIAM:

Appellant was vice president and a director of appellee corporation which was headquartered in Oklahoma. He also owned half of the stock of the corporation. After four years of association, appellant and the corporate president, who owned the other half of the stock, decided to sever relations on the following basis. Appellant received $20,000 for his stock and also a franchise for the State of Texas under a contract which granted him the right to use the trade name "Stormaster" and all [two] patents, patent improvements, new patents, designs, blue prints, and construction methods and procedures used or thereafter acquired and used by appellee as related to constructing tornado and fall out shelters of a monolithic design. The contract also provided that appellant might engage in the same business outside the State of Texas by mutual consent. The complaint claimed a breach of the contract by appellant by virtue of operations outside Texas.

The complaint sounded as a suit for an accounting but through the metamorphosis of pretrial it was converted into one count for breach of contract and another for patent infringement. Appellant denied the patent infringement, claimed the patents in question were fraudulently procured, that they were otherwise invalid, and counterclaimed for damages based on alleged violations of the antitrust laws. After hearing two witnesses on the trial, the district court concluded that appellant was estopped to challenge the validity of the patent in any manner because of the fact that the corporation, while appellant was an officer and director, had defended two different challenges to the patents in question in federal courts and had obtained consent decrees upholding the validity of the patents. Thereupon the district court directed that the claim for patent infringement be withdrawn and plaintiff-appellee has taken no appeal from this ruling. Appellant, on the other hand, contends that the court erred in striking his defense to the breach of contract count on the ground that the patents were invalid and in striking his antitrust counterclaim.

The fact is that appellant agreed to strike his counterclaim after the court's ruling on the patent issue, saying that the counterclaim was appropriate only in response to the infringement action.

Thus it is that the validity of the court's ruling on the infringement question and the counterclaim depends on the estoppel question. We hold that the District Court did not err in the estoppel ruling. See Livesay Industries, Inc. v. Livesay Window Co., Inc., 5 Cir., 1953, 202 F.2d 378; cert. den., 346 U.S. 855, 74 S.Ct. 70, 98 L.Ed. 369.

Two additional assignments of error are based on contentions that there was no breach of contract and that the measure of damages used was improper. We disagree. The findings of fact and conclusions of law are supported by the record. There was a breach and the measure of damages under the circumstances was not improper. The other assignments of error have been carefully considered and merit no discussion. We find the appeal to be without merit.

Affirmed.